**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JASON JERMAINE DIXON (13),**

    **Defendant.**

**Case No. 13-40060-13-DDC**

## MEMORANDUM AND ORDER

On August 17, 2015, the court sentenced Jason Jermaine Dixon to 75 months in prison. On July 25, 2016, based on Amendment 782 to the United States Sentencing Guidelines, the court reduced Mr. Dixon's sentence to 63 months in prison. This matter comes before the court on Mr. Dixon's pro se[1] letter (Doc. 1279), which the clerk docketed as a motion to vacate sentence and appoint counsel. The court previously had granted Mr. Dixon's request to appoint counsel. For the reasons described below, the court directs (1) Mr. Dixon, through counsel, to file a memorandum which addresses whether he directs the court to construe his letter (Doc. 1279) as a motion to vacate under 28 U.S.C. § 2255 and (2) that if Mr. Dixon directs the court to construe his letter (Doc. 1279) as a Section 2255 motion, the parties shall file memoranda addressing potential procedural bars to his motion.

---

[1] Because Mr. Dixon filed his letter pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

**I.       Whether Mr. Dixon's Letter Should Be Construed As A Section 2255 Motion**

"A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). After any direct appeal in a criminal action, a defendant's "exclusive remedy" for challenging his conviction or sentence is under 28 U.S.C. § 2255 unless that remedy is inadequate or ineffective. *United States v. Crosby*, No. CR 09-40049-01-KHV, 2020 WL 1638062, at *2 (D. Kan. Apr. 2, 2020) (citing *United States v. McIntyre*, 313 F. App'x 160, 162 (10th Cir. 2009) and *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)).

Mr. Dixon apparently asks the court to vacate his conviction and sentence because his counsel did not seek to suppress evidence of cell-service location information. Doc. 1279 at 1 (citing *Carpenter v. United States*, 138 S. Ct. 2206 (2018)). Mr. Dixon notes that two of his co-defendants, Albert Dewayne Banks and Anthony Carlyle Thompson, ultimately prevailed on a similar argument. *See Banks v. United States*, 138 S. Ct. 2707 (2018); *Thompson v. United States*, 138 S. Ct. 2706 (2018). Mr. Dixon has not alleged that his claim cannot be brought under Section 2255 or that his remedy under Section 2255 is otherwise inadequate or ineffective. Because Mr. Dixon's claim asserts federal grounds for relief from his conviction and sentence, his only potential remedy is under Section 2255. Unless Mr. Dixon seeks relief under 28 U.S.C. § 2255, the court lacks jurisdiction to grant relief on his claim. *See Blackwell*, 81 F.3d at 947.

Mr. Dixon previously had not filed a Section 2255 motion. In Mr. Dixon's present letter, he does not cite 28 U.S.C. § 2255 or otherwise explicitly assert that he seeks relief under the statute. Accordingly, the court declines to construe Mr. Dixon's letter as an initial Section 2255 motion unless he expressly asserts that he intends to invoke Section 2255. *See Castro v. United*

*States*, 540 U.S. 375, 377 (2003) (district court cannot recharacterize a pro se litigant's document "as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing").  The court cautions Mr. Dixon that if he directs the court to construe his letter (Doc. 1279) as a Section 2255 motion, any subsequent Section 2255 motions will be subject to the statute's "second or successive" restrictions.  The court advises Mr. Dixon that a defendant may not file a second or successive Section 2255 motion unless he first seeks approval from the Tenth Circuit Court of Appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).  A defendant may file a second or successive motion under Section 2255 only if the Tenth Circuit certifies that the motion contains either "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

**On or before June 15, 2020, Mr. Dixon, through counsel, must file a memorandum which states whether he (1) directs the court to construe his letter (Doc. 1279) as a motion to vacate under 28 U.S.C. § 2255 or (2) chooses to withdraw it.  If Mr. Dixon does not file a memorandum by June 15, 2020, the court will consider his letter (Doc. 1279) as having been withdrawn and summarily dismiss it for lack of jurisdiction.  If Mr. Dixon directs the court to construe his letter as a Section 2255 motion and if he desires to raise any other**

**claims in his initial motion without the potential bar that applies to second or successive motions, he must file an amended Section 2255 motion by June 22, 2020.**

## II.     Potential Procedural Bars To A Section 2255 Motion

If Mr. Dixon directs the court to construe his letter (Doc. 1279) as a Section 2255 motion, the court directs the parties to file briefs which are limited to the issue of potential procedural bars to his Section 2255 motion or his amended motion if he chooses to file one.  *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994) ("A court may raise . . . procedural bar defense sua sponte but must afford the movant an opportunity to respond to the defense."); *United States v. Allen*, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar sua sponte if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).  In particular, it appears Mr. Dixon's claim may be barred under Section 2255 because he did not file it within one year of "the date on which the judgment of conviction" was final.  28 U.S.C. § 2255(f)(1).

**On or before June 29, 2020, if Mr. Dixon directs the court to construe his letter (Doc. 1279) as a Section 2255 motion, the government shall file a brief, limited to the issue of potential procedural bars to Mr. Dixon's motion and any amended motion under 28 U.S.C. § 2255.  On or before July 31, 2020, Mr. Dixon may file a response brief, limited to the issue of potential procedural bars to his Section 2255 motion.**

**IT IS THEREFORE ORDERED BY THE COURT THAT on or before June 15, 2020, Mr. Dixon, through counsel, must file a memorandum which states whether he (1) directs the court to construes his letter (Doc. 1279) as a motion to vacate under 28 U.S.C. § 2255 or (2) chooses to withdraw it.  If Mr. Dixon does not file a memorandum by June 15, 2020, the court will consider his letter as having been withdrawn and summarily**

dismiss it for lack of jurisdiction. If Mr. Dixon directs the court to construe his letter as a Section 2255 motion and if he desires to raise any other claims in his initial motion without the potential bar that applies to second or successive motions, he must file an amended Section 2255 motion by June 22, 2020.

IT IS FURTHER ORDERED THAT on or before June 29, 2020, if Mr. Dixon directs the court to construe his letter (Doc. 1279) as a Section 2255 motion, the government must file its brief, limited to the issue of potential procedural bars to Mr. Dixon's motion and any amended motion under 28 U.S.C. § 2255. On or before July 31, 2020, Mr. Dixon may file a response brief, limited to the issue of potential procedural bars to his motion.

IT IS SO ORDERED.

Dated this 13th day of May, 2020, at Kansas City, Kansas.

s/ Daniel D. Crabtree  
Daniel D. Crabtree  
United States District Judge
