### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JASON JERMAINE DIXON (13),**

    **Defendant.**

**Case No. 13-40060-13-DDC**

### MEMORANDUM AND ORDER

This matter comes before the court on Jason Jermaine Dixon's pro se[1] letter (Doc. 1279) filed August 2, 2018, which the clerk docketed as a motion to vacate sentence and appoint counsel. The court previously granted Mr. Dixon's request to appoint counsel. *See* Order Appointing Counsel (Doc. 1291). Because Mr. Dixon's letter asserts federal grounds for relief from his conviction and sentence, the court ordered him, through counsel, to file a memorandum which states whether he (1) directs the court to construe his letter (Doc. 1279) as a motion to vacate under 28 U.S.C. § 2255 or (2) chooses to withdraw it. *See* Memorandum and Order (Doc. 1446) filed May 13, 2020 at 4. The court cautioned Mr. Dixon that if he did not file a memorandum by June 15, 2020, the court would consider his letter as having been withdrawn and summarily dismiss it for lack of jurisdiction. *See id.* To date, Mr. Dixon has not filed a memorandum as directed. Accordingly, the court dismisses Mr. Dixon's pro se letter (Doc. 1279) for lack of jurisdiction.

---

[1] Because Mr. Dixon filed his letter pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

**IT IS THEREFORE ORDERED BY THE COURT THAT** Jason Jermaine Dixon's pro se letter (Doc. 1279) filed August 2, 2018, which the clerk docketed as a motion to vacate sentence, is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 18th day of June, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**