IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JASON JERMAINE DIXON (13),<br><br>　　Defendant. | Case No. 13-40060-13-DDC |

**MEMORANDUM AND ORDER**

On February 8, 2021, Mr. Dixon filed his pro se[1] Motion to Reduce Sentence (Doc. 1500) under 18 U.S.C. § 3582(c)(1)(A). On the same day, the government responded in opposition (Doc. 1502). The court waited about 20 days to engage with Mr. Dixon's motion to give him time to submit a Reply. But, he didn't. And the record wasn't sufficient for the court to rule Mr. Dixon's motion because he failed to demonstrate whether he discharged § 3582(c)(1)(A)'s prerequisite that he either exhaust available administrative remedies or file his motion after "the lapse of 30 days from the receipt of such a request by the warden of [his] facility[.]" 18 U.S.C. § 3582(c)(1)(A). So, the court issued a Show Cause Order on March 1, 2021, directing Mr. Dixon to "supplement his motion—within 60 days of this Order's date—with information showing that he had complied with either of these requirements before filing his motion." Doc. 1505 at 1–2 (citing *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020)).

---

[1]　　Because Mr. Dixon filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't become an advocate for the pro se party. *Id.* Likewise, Mr. Dixon's pro se status doesn't excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

The time for Mr. Dixon's response to the Show Cause Order came and passed without any submission by Mr. Dixon. The Show Cause Order had warned that "[i]f Mr. Dixon fails to [supplement his motion with supporting documentation], the court must dismiss his motion without prejudice for lack of subject matter jurisdiction." *Id.* at 2. Based on the current, unchanged record, that's what the court now must do.

## I.   Legal Standard

The Show Cause Order explained in detail the legal standard governing motions for compassionate release. *See id.* at 2–3. In short,

> [A] district court may . . . grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met:  (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent they are applicable.

*United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). But, a district court may reach these considerations only after satisfying itself that the court has jurisdiction to consider defendant's motion in the first place. *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021).

In the context of compassionate release, 18 U.S.C. § 3582 is the statute providing that guidance. As amended by the First Step Act, § 3582(c)(1)(A) allows courts to modify a sentence on a defendant's motion after certain conditions are met. After defendant has either:  (1) "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or" (2) "the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier," a court may then, but only then, assess the merits of defendant's claim for compassionate release. 18 U.S.C. § 3582(c)(1)(A). In other words, our

Circuit treats § 3582(c)(1)(A)'s requirements as a jurisdictional rule. *See United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015) ("[A]s a textual matter . . . the relevant provisions of § 3582(c) operate[ ] as a clear and mandatory restriction on a court's authority" (citation and internal quotation marks omitted)).

**II.     Analysis**

Mr. Dixon didn't provide any materials or information with his motion (or as a supplement to it) substantiating his claim that he "filed for compassionate release over four months ago," but never heard back from the BOP. Doc. 1500 at 1; *see also* Doc. 1502 at 8 ("Without any evidence supporting his claim of exhaustion, the defendant maintains that he 'filed for compassionate release over four months ago' without any response from officials in the BOP." (quoting Doc. 1500 at 1)). Although the timing of his purported request to the BOP and his filing of this motion suggest that more than 30 days had lapsed before he filed his motion, Mr. Dixon hasn't provided any evidence of his request to the warden. *See generally* Doc. 1500. Nor has he substantiated—with evidence—the warden's decision denying that request. *See id*. If the warden indeed responded and denied his request within the 30-day time requirement, then he also fails to provide evidence of his efforts to appeal that decision through administrative channels. *See id*. In other words, Mr. Dixon hasn't shown that he either exhausted his available administrative remedies or filed his motion no less than 30 days after the warden of his facility failed to respond to his request. 18 U.S.C. § 3582(c)(1)(A).

The Show Cause Order made clear that Mr. Dixon needed to show his work. Doc. 1505 at 5. That's because the court requires at least some substantiating information to demonstrate that a defendant has indeed satisfied this jurisdictional rule. *Compare United States v. Pugh*, No. 15-40018-05-DDC, 2020 WL 4501053, at *2 (D. Kan. Aug. 5, 2020) (concluding that defendant

3

failed to meet his burden of exhausting his administrative rights before seeking compassionate release because he "presented no evidence . . . that he submitted a compassionate release request to his warden"), *with United States v. Harris*, No. 15-40054-01-DDC, __ F. Supp. 3d __, 2020 WL 7122430, at *4 (D. Kan. Dec. 4, 2020) (finding that defendant satisfied exhaustion requirements under § 3582(c)(1)(A)(i) because, in part, "[h]e . . . attached to his motion several documents showing that he submitted a request to the Warden at USP Florence for compassionate release in accordance with the provisions of 18 U.S.C. § 3582(c)(1) and that more than 30 days have passed since the warden received [his] request on July 23, 2020" (internal citation and quotation marks omitted)). Now, as before, the court lacks the information it requires to assert jurisdiction over Mr. Dixon's motion and consider its merits. *See* Doc. 1505 at 5 ("Equipped only with Mr. Dixon's statement that he 'filed for compassionate release four months ago' and '[has] not gotten a response from the [BOP],' the court cannot determine whether Mr. Dixon has met either the jurisdictional exhaustion or lapse requirement before filing his motion." (quoting Doc. 1500 at 1)).

### III.    Conclusion

The court prepared its Show Cause Order with Mr. Dixon in mind, meaning the Order's substance was designed to provide him clear instructions about his options for moving forward with a viable motion for compassionate release. *See generally* Doc. 1505. For unknown reasons, Mr. Dixon never responded. As the Show Cause Order said: "If he fails to do so, the court must dismiss his motion without prejudice for lack of subject matter jurisdiction under 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement." *Id.* at 7. The court thus dismisses Mr. Dixon's motion because it lacks subject matter jurisdiction to consider it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Dixon's Motion to Reduce Sentence (Doc. 1500) is dismissed without prejudice to refiling.

**IT IS SO ORDERED.**

**Dated this 21st day of May, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
